Argued and submitted October 16, 1985, affirmed June 4, 1986

FUHRER,
*Appellant,*

*v.*

GEARHART BY THE SEA, INC. et al,
*Respondents,*

(CC 84-181; CA A33304)

719 P2d 1305

Elden M. Rosenthal, Portland, argued the cause for appellant. With him on the briefs were Rosenthal & Greene, P.C., Portland, and Daniel M. Berger, and Berger, Kapetan, Malakoff & Meyers, P.C., Pittsburgh, Pennsylvania.

William G. Earle, Portland, argued the cause for

respondent Gearhart by the Sea, Inc., an Oregon corporation. With him on the brief was Hallmark, Griffith & Keating, P.C., Portland.

Linda DeVries Grimms, Assistant Attorney General, Salem, argued the cause for respondent Department of Transportation, State of Oregon. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Joseph, Chief Judge, and Rossman, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

Plaintiff brought this action against Gearhart By The Sea (Gearhart), the State of Oregon and Clatsop County to recover damages for the wrongful death of her husband, who drowned while aiding in the rescue of three children swimming in the ocean. Plaintiff, decedent and the three children (unrelated to them) were guests at Gearhart, which has direct access to the beach. Plaintiff's complaint alleged that the careless, reckless and negligent conduct of all defendants was the direct cause of decedent's death. The trial court granted each defendant's motion to dismiss the complaint for failure to state a claim. ORCP 21A. Plaintiff appeals only the dismissal of the claims against Gearhart and the state.

■ In her first assignment of error, plaintiff argues that the trial court erred in dismissing her claim against Gearhart, because, as an innkeeper, it owed a duty to its guests to warn them of, and protect them from, hazardous and dangerous conditions of the ocean surf on the adjacent property not owned by it which it could foresee presented a risk of harm to them. The question of whether a duty exists is a question of law for the court. *Nylander v. State of Oregon,* 292 Or 254, 258, 637 P2d 1286 (1981).

Plaintiff cites no Oregon authority to support her duty theory. She relies primarily on a federal case in which the court held that the question of whether a hotel had breached a duty to warn guests of dangerous conditions along its beach was a question of fact and was not therefore appropriate for summary adjudication. *Tarskis v. Lahaina Investment Corporation,* 480 F2d 1019, 1021 (9th Cir 1973). The case is inapposite, however, because here the question is not whether the hotel *breached* its duty, but whether it *had* a duty, which was assumed (with approval) to exist in *Tarskis.*

Plaintiff further argues that the obligation of an innkeeper does not depend on the technical ownership of the land where the injury actually occurs. She cites no authority for that proposition either but, rather, asserts that Gearhart owes a duty to its guests, because it invites them to stay at the hotel and to use the ocean beach for recreation. According to *Restatement (Second) Torts,* § 344, a possessor of land who holds it open to the public for business purposes owes a duty to members of the public while they are on the land for a business

purpose to exercise reasonable care to give adequate warning to enable them to avoid harm. The *Restatement* defines "possessor" as a person who occupies the land with the intent to control it. Section 328(E)(a). Whether or not it has legal title, Gearhart neither occupies nor controls the dry sand beach area and, in fact, by a custom having the force of law, is prohibited from doing so. *See State ex rel. Thornton v. Hay,* 254 Or 584, 588, 462 P2d 671 (1969); ORS 390.610(3). Gearhart cannot limit or deny its guests the use of the beach, and it should not have a duty to protect them in their use from conditions not subject to its creation or control.

The specific duty of an innkeeper is set out in *Restatement (Second) Torts,* § 314(A), which requires, *inter alia,* reasonable action to protect guests from unreasonable risks of harm. *Comment c* to § 314(A) further explains that an innkeeper is under no duty to a guest who is injured or endangered away from the premises. We find no Oregon authority which is in point, even by apt analogy, but we also find no reason to reject that proposition. We are not persuaded that there ought to be a general duty to warn of hazards on adjacent property, and we decline to create a special duty in an instance like this, when the hazard to a hotel guest is no greater than to any other user of the beach. The trial court did not err in dismissing the claim against Gearhart.

Plaintiff next argues that the state owes a duty of care to users of the ocean, because ORS 390.615 vests ownership of ocean beaches in the state. The state responds that ownership of the beaches is vested in the public, not the state as such, *citing State ex rel. Thornton v. Hay, supra,* 254 Or at 587-88, which established that the public has a recreational easement in the beaches and that the state has a right to protect the public's interest. The state has no greater duty to users of the beach than each member of the public has. In general, there is a duty to behave reasonably, but there is no general duty to take affirmative actions without the existence of a special responsibility toward one who might suffer harm. *See Kutbi v. Thunderlion Enterprises,* 73 Or App 458, 462, 698 P2d 1044, *rev den* 299 Or 584 (1985). An affirmative duty of care by way of warning has not been imposed on the state by case law if it has not engaged in any affirmative conduct with respect to the public using property in its control.

■ Whether the state owes a duty is a question of policy. *Brennen v. City of Eugene,* 285 Or 401, 406, 591 P2d 719 (1978); *Mezyk v. National Repossessions, Inc.,* 241 Or 333, 336, 405 P2d 840 (1965). If the law were as plaintiff suggests it should be—that the state owes a duty to the public to protect it from or to warn it of naturally occurring conditions on public land, then, as the trial court stated:

> "The logical extension of that principle would require defendant to provide on its approximately 300 miles of ocean beach recreation area hundreds (and perhaps thousands) of signs and devices and many personnel."

Judicial imposition of the rule would compel allocation of economic resources, and the courts should be very hesitant about doing that without some overriding public interest. We do not believe that there is that interest here.

Carried to the limits of its logic, imposing a duty on the state to protect people from natural conditions would require it to provide lifeguards at every access to the beach, warnings of danger of poison oak, bee stings and snakebites, lifeguarding rivers used for swimming, kayaking and fishing, avalanche warnings on mountains and warnings of the potential danger of steep cliffs. Although the possibilities arising out of that duty easily reach levels of obvious absurdity, the point is that the extent of the burden that would be imposed on the state and the consequences of that burden are properly matters for legislative, not judicial policy makers. *See Norwest v. Presbyterian Intercommunity Hosp.,* 293 Or 543, 570, 652 P2d 318 (1982) (Tanzer, J., concurring).

■■ Plaintiff concedes that the state has no duty to warn that the ocean is dangerous and poses a risk of harm. She nonetheless urges that the state has a duty to warn of riptides and undertows. We see nothing in that distinction. We hold that the state owes no duty of care to the users of the ocean shore in its natural state.

Affirmed.