Submitted on remand April 23, affirmed September 9, reconsideration denied October 9, petition for review allowed November 17, 1987 (304 Or 405)

**FUHRER,**
*Appellant,*

*v.*

**GEARHART BY THE SEA, INC. et al,**
*Respondents.*

(CC 84-181; CA A33304)

742 P2d 58

Elden M. Rosenthal, Portland, argued the cause for appellant. With him on the briefs were Rosenthal & Greene, P.C., Portland, and Daniel M. Berger, and Berger, Kapetan, Malakoff & Meyers, P.C., Pittsburgh, Pennsylvania.

William G. Earle, Portland, argued the cause for respondent Gearhart By The Sea, Inc., an Oregon corporation. With him on the brief was Hallmark, Griffith & Keating, P.C., Portland.

Linda DeVries Grimms, Assistant Attorney General, Salem, argued the cause for respondent Department of Transportation, State of Oregon. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Joseph, Chief Judge, and Rossman, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

The Supreme Court remanded this wrongful death case for reconsideration in the light of its opinions and decisions in *Fazzolari v. Portland School Dist. No. 1J,* 303 Or 1, 734 P2d 1326 (1987), *Kimbler v. Stillwell,* 303 Or 23, 734 P2d 1344 (1987), and *Donaca v. Curry Co.,* 303 Or 30, 734 P2d 1339 (1987). Plaintiff's husband drowned while trying to rescue three children swimming in the ocean from a publicly owned beach adjacent to an inn. Plaintiff alleges negligence by Gearhart by the Sea, the innkeeper, and by the State of Oregon in failing to warn of or protect against the dangers of the ocean.

In *Fazzolari,* the court said that liability for negligence is determined by whether the defendant's "conduct unreasonably created a foreseeable risk to a protected interest of the kind of harm that befell [the] plaintiff." 303 Or at 17. Plaintiff does not allege that conduct of either of the defendants created the risk to her husband. Even if a duty to warn might have existed because of a status, relationship or particular standard of conduct, the failure to warn did not create the risk to plaintiff's husband. The trial court properly dismissed plaintiff's complaint for failure to state a claim.

Affirmed.