Argued and submitted January 20, judgment of dismissal of the circuit court and the
decision of the Court of Appeals affirmed August 30, reconsideration denied
September 29, 1988

FUHRER,
*Petitioner on Review,*

*v.*

GEARHART BY THE SEA, INC., et al,
*Respondents on Review.*

(TC 84-181; CA A33304; SC S34460)

760 P2d 874

Elden M. Rosenthal, Portland, argued the cause and filed the petition for petitioner on review.

William G. Earle, Hallmark, Griffith & Keating, P.C., Portland, argued the cause and filed briefs for respondent on review Gearhart By The Sea, Inc.

Linda DeVries Grimms, Assistant Attorney General, Salem, argued the cause for respondent on review Department of Transportation. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

LENT, J.

Jones, J., specially concurred and filed an opinion in which Gillette, J., joined.

### LENT, J.

The issue is whether plaintiff has stated ultimate facts sufficient to constitute a claim for relief against defendants for defendants' failure to warn plaintiff's decedent and others of the hazards of the ocean surf and for defendants' failure to provide safety measures to protect against those hazards.[1] Defendant Gearhart By the Sea, Inc. (Gearhart) moved to dismiss on the theory that it "owed no duty" to warn or protect from hazards not located on its premises. Defendant Department of Transportation, State of Oregon (the state), moved to dismiss on the theory that the state has no duty to warn of natural conditions on public property and no duty to protect against natural conditions. The circuit court granted both motions to dismiss. The Court of Appeals affirmed the dismissals. *Fuhrer v. Gearhart By The Sea, Inc.,* 79 Or App 550, 719 P2d 1305 (1986). We remanded to the Court of Appeals for reconsideration in light of *Fazzolari v. Portland School Dist. No. 1J,* 303 Or 1, 734 P2d 1326 (1987); *Kimbler v. Stillwell,* 303 Or 23, 734 P2d 1344 (1987); and *Donaca v. Curry Co.,* 303 Or 30, 734 P2d 1339 (1987). 303 Or 171, 734 P2d 1348 (1987). On remand, the Court of Appeals again affirmed the dismissal. 87 Or App 219, 742 P2d 58 (1987). We also affirm the judgments of dismissal, although for different reasons from those stated by the Court of Appeals.

This case comes to us on ORCP Rule 21A(8) motions to dismiss for failure to state ultimate facts sufficient to constitute a claim. These motions admit the well-pleaded allegations of fact in the complaint, and we determine only whether those facts are sufficient to constitute a claim.

The following facts are alleged in the complaint.

Plaintiff's decedent was a paying guest at defendant Gearhart's resort. The hotel is adjacent to an ocean beach owned by the state. The state had jurisdiction over the beach pursuant to ORS 390.635.

While on the beach, decedent saw some children

---

[1] The complaint named three defendants: Gearhart By The Sea, Inc.; The Department of Transportation, State of Oregon; and Clatsop County. Clatsop County is no longer a party; references to the defendants are to the remaining defendants unless otherwise specified.

struggling in the ocean surf, apparently caught in an undertow, riptide or other hazardous condition of the waters adjacent to the beach. The children and their parents were also paying guests at the resort. Decedent and others attempted to save the children. The children were saved by the efforts of decedent and the other rescuers, but decedent died from drowning or cardiac arrest caused by his rescue efforts.

Gearhart did not warn its guests of the dangerous undertow, riptide or other hazardous conditions of the surf. It did not provide lifeguards, lifesaving equipment or warning flags. It also did not rescue or aid the rescue of decedent or the children. The state likewise did not warn, have lifeguards on duty or provide lifesaving equipment or warning flags. Plaintiff alleged that decedent's death was the result of defendants' failure to warn or provide safety measures.

To determine whether plaintiff has stated ultimate facts sufficient to constitute a claim, we first determine what is the law concerning a failure to warn or a failure to provide safety measures. We shall refer to the failure to supply the various safety measures as a failure to protect.

The law traditionally has been that a defendant is liable for a failure to warn or protect only if the defendant had a "duty" to warn or protect. This court discussed the concept of duty in negligence cases in *Fazzolari, Kimbler* and *Donaca.* In those cases, we held that the concept of duty was not always a useful tool with which to analyze common-law negligence. There may be specific duties established by statute, status or relationship, but the absence of such duties does not insulate a defendant from liability. In the absence of a duty arising from a source of that kind, a defendant may be liable for conduct which is unreasonable in the circumstances if that conduct results in harm to a plaintiff and the risk of harm to the plaintiff or the class of persons to whom the plaintiff belongs was foreseeable.

In this case, we must determine whether the analytical approach of *Fazzolari, Kimbler* and *Donaca* should be used when the negligence alleged is a failure to warn or protect. The answer to that is clear. *Fazzolari* and *Donaca* involved a failure to warn or provide protection, and *Kimbler* involved failure to take appropriate safety measures. In each we held that the facts should be analyzed to determine

whether the risk of harm was foreseeable. Whether negligence involves the commission of a negligent act or the taking of no action when the lack of action creates a foreseeable unreasonable risk of harm, the analysis should be the same.

Failure to warn or protect should be analyzed in terms of foreseeability and unreasonable conduct. If a specific affirmative duty is imposed by statute, status or relationship, an analysis based on that specific duty is also appropriate. As noted in *Fazzolari,* the difference between a traditional duty analysis and a foreseeability analysis may be only semantic. In "duty" terms, a defendant may be found to have a duty to warn another of an undue risk of harm to a protected interest of the other if the defendant knows of the risk. *See* the discussion of Prosser and Keeton, The Law of Torts (5th ed 1984), and Harper, James & Gray, The Law of Torts (2d ed 1986), in *Fazzolari,* 303 Or at 9. If the defendant has a specific duty to the plaintiff, the defendant may also be liable without knowledge of the risk; that depends on the terms of the particular duty. Absent an affirmative duty, the existence of a "duty" in the given circumstances is a conclusion to be reached, not a means of analysis.

In *Fazzolari,* we stated that the issue was "whether that conduct unreasonably created a foreseeable risk to a protected interest of the kind of harm that befell the plaintiff." 303 Or at 17. The Court of Appeals' decision on remand in this case held that defendants did not create the risk of harm in that they did not "create" the dangerous condition of the surf. This does not bear on whether defendants unreasonably failed to warn or protect others who were at risk. In a warning case, the risk of harm created is exposure to a danger known to the defendant. In *Fazzolari,* the defendant school district did not create the rapist or the rape that injured the plaintiff in that case, but a jury could have found that the school district was or should have been aware of the risk of sexual assault and neither warned plaintiff nor took other action to protect plaintiff and others in her position. The risk in a failure-to-warn case is not the hazard itself, but the chance that someone predictably will be exposed to danger, be it rape or dangerous surf, if no warning is made.

A defendant may be liable if the defendant can reasonably foresee that there is an unreasonable risk of harm, a

reasonable person in the defendant's position would warn of the risk, the defendant has a reasonable chance to warn of the risk, the defendant does not warn of the risk, and the plaintiff is injured as a result of the failure to warn.

■ Courts frequently have prevented juries from considering the second question, whether a reasonable person in the defendant's position would warn of the risk, by deciding either that the defendant had a duty or had no duty to warn. There are four factors to be considered in determining whether action or a failure to act is reasonable: the likelihood of harm, the severity of the possible harm, the "cost" of action that would prevent harm,[2] and the defendant's position, including the defendant's relationship with the plaintiff.

■ It has been argued that this is a determination that courts should make. *See* O'Connell, *Ruminations on Oregon Negligence Law,* 24 Willamette L J 385 (1988). However, this approach has led to a system of classification based on similarities to previous cases rather than an analysis based on the particular facts of each case. If there is a relationship between the parties, an obligation may be imposed by statute, contract or court-made law. If no specific obligation is imposed by law or contract, the factfinder should determine whether action by the parties is required by the relationship and, if so, what action is required. Even if there is no relationship between the parties, if the risk is great, either in likelihood or magnitude, and the cost is minimal, the reasonableness of the action should be determined by the factfinder.

■ ■ Plaintiff alleges that Gearhart, as an innkeeper or possessor of land, should have warned its paying guests of the dangers of the ocean surf. Although Gearhart did not warn decedent of the danger, the danger may have been apparent to decedent when he saw the children struggling in the surf. If that is so, a warning would not have made decedent more aware of the danger, and the failure to warn decedent did not expose him to any greater risk of harm than if he had been warned. However, we do not know this, and decedent might have chosen other means of rescue if he had been warned and

---

[2] "Cost" includes more than economic cost. Time, effort and risk to defendant are the primary considerations, although monetary cost may also affect the reasonableness of taking action.

if other means had been available. A trier of fact could find that a warning could have made a difference.

■■■■■■■ The children who were rescued were also paying guests of Gearhart. A trier of fact could find that a failure to warn the children or their parents did expose the children to the danger of the surf. If a danger is foreseeable, under most circumstances, including this one, an attempted rescue is foreseeable. *See* Prosser and Keeton, The Law of Torts 307-309 (5th ed 1984), and cases cited therein. The failure to warn the children could have created a foreseeable unreasonable risk of harm to decedent as a rescuer. Inherent in the concept of rescue is that the rescuer knows of the risk but may disregard the risk to effect the rescue; therefore, Gearhart might be liable if the failure to warn the children or their parents were negligence.

Gearhart argues that innkeepers, as a matter of law, are not liable for failure to warn of risks not located on property owned or controlled by the innkeeper. The traditional view of the duty of an innkeeper in this situation is stated by Comment c to section 314A of the Restatement (Second) of Torts:

> "A carrier is under no duty to one who has left the vehicle and ceased to be a passenger, nor is an innkeeper under a duty to a guest who is injured or endangered while he is away from the premises. Nor is a possessor of land under any such duty to one who has ceased to be an invitee."

Under the traditional rule, Gearhart had no affirmative duty to its guests concerning any hazard away from Gearhart's premises. Support for the traditional rule is no longer universal. Some jurisdictions have imposed an affirmative duty on possessors of property to warn business invitees of known dangers immediately adjacent to the premises. *Banks v. Hyatt Corp.,* 722 F2d 214, *reh den* 731 F2d 888 (5th Cir 1984); *Ollar v. George's Place,* 269 Ark 488, 601 SW2d 868 (1980); *Piedalue v. Clinton Elem. School Dist. No. 32,* 692 P2d 20 (Mont 1984); *Southland Corp. v. Superior Court,* 203 Cal App 3d 656, 250 Cal Rptr 57, 1988 Cal App Lexis 714 (1988).

One case, *Tarshis v. Lahaina Investment Corporation,* 480 F2d 1019 (9th Cir 1973), involved facts very similar to the facts in this case. The defendant in *Tarshis* operated an ocean-front hotel in Hawaii. The court held that the operator had a

duty to warn its guests of dangerous conditions in the ocean which were known or should have been known to the operator but of which the guests were unaware, if the dangerous conditions were not obvious. The court then held that the trier of fact was to determine whether the dangerous condition was obvious.

In a recent case, *Mostert v. CBL & Associates,* 741 P2d 1090 (Wyo 1987), the Wyoming Supreme Court held, as a matter of law, that the operators of a movie theater owed to its paying guests "an affirmative duty to exercise reasonable or ordinary care for their safety which includes an obligation to advise them of off-premises danger that might reasonably be foreseeable." 741 P2d at 1096.

 We believe that the courts in *Tarshis* and *Mostert* may have been too specific in holding as a matter of law that there was an affirmative duty to warn in the situations presented in those cases. The duties of innkeepers and other operators of commercial establishments to their guests are to "protect them against unreasonable risk of physical harm" and to aid them if they are ill or injured. Restatement (Second) of Torts § 314A. Traditionally they include an affirmative duty to warn of dangerous conditions on the premises that are not obvious, but we do not extend the duty to warn of all possible dangers off the premises as a matter of law or to provide safety equipment to protect against off-premises hazards. It is the role of the trier of fact to determine whether it is unreasonable not to warn of a danger or otherwise provide protection in the specific circumstances of each case. Innkeepers and possessors of land have an affirmative duty to warn their paying guests and invitees of foreseeable unreasonable risks of physical harm; when the risk involves a dangerous condition off the premises, the trier of fact must decide the reasonableness of the failure to warn in all the circumstances.

 In the present case, there is no allegation in the complaint that Gearhart knew or should have known of the dangerous condition of the ocean surf. Without knowledge of a dangerous condition or reason to know of the condition, Gearhart could not have foreseen an unreasonable risk of harm. If plaintiff were able to prove all the facts alleged in the complaint, plaintiff would still not have proved one element

necessary to recovery, the foreseeability to defendant of an unreasonable risk of harm to persons in plaintiff's position. Even if Gearhart had an affirmative duty to take reasonable steps to warn and protect, the duty would extend only to warn of and protect from knowable risks. Because plaintiff might prove all the facts alleged and still not be entitled to recover, the complaint was properly dismissed.

Plaintiff has also alleged that the state, as owner of the beach, was similarly liable for failure to warn or protect. The state argued that it cannot be liable for natural conditions on undeveloped and unimproved public land. Even if this argument is correct, the state admits that it could be liable for failure to warn of, or protect from, natural conditions on developed and improved public land, and it cannot be determined at this stage of the proceedings which kind of land is involved. Accepting the allegations in the complaint as facts, as we must on a motion to dismiss, the analysis of the complaint against the state is the same as the analysis of the complaint against Gearhart. Because there is no allegation that the state was aware of, or had reason to know of, the dangerous condition, the complaint has failed to state ultimate facts sufficient to constitute a claim.[3]

The judgment of dismissal of the circuit court and the decision of the Court of Appeals are affirmed.

**JONES, J.,** specially concurring.

I concur in the result.

Without the *Fazzolari, Kimbler* and *Donaca* discussion — as to which I express no opinion — plaintiff, in order to state a cause of action, must at minimum plead that Gearhart By The Sea knew or should have known of the particularly dangerous condition of the ocean surf. Without

---

[3] This opinion concentrates on the failure to warn, as did the briefs of the parties. The failure to provide safety measures is measured by the same standard as the standard used for failure to warn. One factor in determining the reasonableness of any failure to warn or act is the opportunity and cost of warning or taking action. Normally, providing safety measures is more costly, and the cost may make a failure to act reasonable when a failure to warn would not be reasonable; otherwise, the analysis of the two situations should be no different. Because plaintiff has not alleged facts sufficient to constitute a claim against either defendant on a failure to warn theory, the complaint also fails on a failure to provide safety measures theory.

such an allegation, plaintiff's complaint is patently flawed and insufficient.

Gillette, J., joins in this specially concurring opinion.