Argued and submitted March 5, 1992, affirmed July 28, 1993

Lance SPARKS,
*Appellant,*

*v.*

Trent Brian WARREN,
*Defendant,*

*and*

SIGMA CHI FRATERNITY,
a social organization recognized by the
University of Oregon,
Sigma Chi Building Association,
and Sigma Chi Corporation,
an Illinois nonprofit corporation,
*Respondents.*

(16-89-03120; CA A68295)

856 P2d 337

Charles S. Spinner, Eugene, argued the cause for appellant. With him on the brief was Marjorie A. Schmechel, Eugene.

Janet M. Schroer, Portland, argued the cause for respondents. With her on the brief were Richard J. Kuhn and Schwabe, Williamson & Wyatt, Portland.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DURHAM, J.

## DURHAM, J.

Plaintiff appeals from an order granting summary judgment to defendants Sigma Chi Corporation (corporation) and the Sigma Chi Fraternity chapter at the University of Oregon (chapter) for injuries plaintiff sustained when he was assaulted by a fraternity member, Warren, a minor who obtained alcohol at the local chapter house.[1] We affirm.

In an appeal from a summary judgment, we view the record in the light most favorable to the non-moving party. *Seeborg v. General Motors Corporation,* 284 Or 695, 699, 588 P2d 1100 (1978). Respondents must show that no genuine issues of material fact remain unresolved and that they are entitled to judgment as a matter of law. 284 Or at 699.

On February 25, 1989, Warren drank several beers at the fraternity house in the room of another member. An older member purchased the beer for him. Several hours later, and after a brief visit to a nearby tavern,[2] Warren assaulted plaintiff on a street near the fraternity house.

Plaintiff brought a common law negligence claim,[3] alleging that defendants:

"[W]ere negligent in one or more of the following particulars:

"a)  Maintaining a premises where alcohol was regularly served to minors;

"b)  Maintaining a premises in which minors are encouraged and permitted to drink alcohol;

"c)  Failing to regulate the activity of its members who were providing alcohol to minors on Sigma Chi property with the knowledge and approval of Sigma Chi;

"d)  Failing to prohibit the use of alcohol by minors in the Sigma Chi house;

"e)  Failing to supervise its members;

---

[1] Warren is not a party to this appeal. The court also granted summary judgment to defendant Sigma Chi Building Association. Plaintiff does not appeal the judgment for that defendant.

[2] The record is unclear about how much alcohol Warren consumed that night and whether he drank at the tavern.

[3] Plaintiff also brought a statutory negligence claim but concedes that issue on appeal.

"f)  Failing to take adequate or any measures to enforce the law which prohibits minors from drinking; and

"g)  Failing to train members to enforce laws or rules or achieve fraternal goals."

The parties dispute whether ORS 30.960[4] precludes plaintiff's common law negligence claim. We do not decide that issue, because plaintiff's negligence claim fails for another reason. *See Sager v. McClenden*, 296 Or 33, 39, 672 P2d 697 (1983). To succeed on his negligence claim, plaintiff must prove that defendants' conduct caused "a foreseeable kind of harm." *See Moore v. Willis*, 307 Or 254, 260, 767 P2d 62 (1988); *Donaca v. Curry Co.*, 303 Or 30, 38, 734 P2d 1339 (1987).

Plaintiff alleged that defendants

"knew or should have known that underage drinkers frequently become unruly, abusive, and reckless, and violent."

In the motion for summary judgment, defendants contended that they could not foresee that Warren would become violent if he obtained alcohol, and they supported that contention with evidence. Plaintiff presented no evidence in response to defendants' motion that would show that defendants knew or should have known that, if they were negligent, as alleged in the complaint, underage drinkers or Warren would become violent. As the Supreme Court noted in *Moore v. Willis, supra*, 307 Or at 260:

"The fact that someone is visibly intoxicated or underage, standing alone, does not make it foreseeable that serving alcohol to the person creates an unreasonable risk that the person will become violent."

Plaintiff cannot evade the foreseeability requirement described in *Moore* by describing defendant's negligence as a failure to supervise members, a failure to enforce rules forbidding minors to drink, and the like, rather than as

---

[4] ORS 30.960 provides, in part:

"[N]o licensee, permittee or social host shall be liable to third persons injured by or through persons not having reached 21 years of age who obtained alcoholic beverages from the licensee, permittee or social host unless it is demonstrated that a reasonable person would have determined that identification should have been requested or that the identification exhibited was altered or did not accurately describe the person to whom the alcoholic liquor was sold or served."

serving alcohol to an underage drinker. The risk flowing from the negligence alleged here is not that a minor will drink but that someone predictably will be exposed to danger of an assault if defendants were negligent as alleged. *See Buchler v. Oregon Corrections Div.*, 316 Or 499, 515, 853 P2d 798 (1993); *Fuhrer v. Gearhart By The Sea, Inc.*, 306 Or 434, 438, 760 P2d 874 (1988).

Because plaintiff did not present evidence sufficient to create an inference that defendant's conduct created a foreseeable risk of the kind of injury that occurred, the trial court did not err in granting summary judgment.

Affirmed.