Cherylann BURNETT, Plaintiff,

v.

ROSS STORES, INC., a Delaware corporation, Defendant.

Civ. No. 94–332–FR.

United States District Court, D. Oregon.

July 21, 1994.

Marybeth Wosko, Portland, OR, for plaintiff.

Calvin L. Keith, Cynthia A. Canfield, Perkins Coie, Portland, OR, for defendant.

## OPINION

FRYE, District Judge:

The matters before the court are (1) the motion of the defendant, Ross Stores, Inc., for summary judgment (# 3); and (2) the cross-motion of the plaintiff, Cherylann Burnett, for partial summary judgment (# 8).

## UNDISPUTED FACTS

Cherylann Burnett was employed by Ross Stores, Inc. (Ross Stores) in the month of August of 1984. Shortly after she became employed, Burnett was given a copy of the Ross Stores' Employee Handbook. Ross Stores' Employee Handbook contains the following relevant provisions:

ROSS Stores, Inc. is an Equal Opportunity Employer. New employees are hired on the basis of merit and their ability to perform a particular job. It is the policy of ROSS to provide equal employment opportunities to all employees and applicants without regard to race, color, religion, sex, national origin, citizenship, age, marital or veteran status, ancestry, handicap, medical condition or any other classification protected by applicable law. This policy applies to all aspects of employment, including hiring, compensation, promotions, benefits and terminations.

Exhibit B to Declaration of Cynthia A. Canfield in Support of Defendant's Motion for Summary Judgment, p. 7.

We have attempted to be as comprehensive as possible in preparing this handbook. This handbook is a *summary* of Ross' policies, procedures, and practices and is *not* intended to be a comprehensive explanation of those policies and procedures. This handbook is not a contract of employment, nor does it constitute a promise by ROSS that the policies will be rigidly followed in every case. It merely establishes guidelines to govern our daily activities.

*Id.* at 3 (emphasis in original).

**All employees who do not have a written individual employment contract, signed by the President of ROSS Stores for a specific, fixed term of employment, are "at will" employees. This means that these employees may resign at any time, for any or no reason. ROSS Stores may terminate their employment at any time, with or without notice, for any or no reason, with or without cause.**

*Id.* at 7 (emphasis in original).

Burnett signed an "ACKNOWLEDGMENT OF RECEIPT OF EMPLOYEE HANDBOOK," which states, in part:

I have read, understand and agree to abide by the policies and procedures contained in this handbook. I further understand and agree that I do not have an employment contract expressed or implied, that my employment is not complied [sic] to a fixed term, and that it may be ended by either myself or ROSS Stores without prior notice.

Exhibit C to Declaration of Cynthia A. Canfield in Support of Defendant's Motion for Summary Judgment.

From June 15, 1992 until her termination in May of 1993, Burnett worked as the assistant manager of the Gateway Ross Store in Portland, Oregon. As assistant manager, Burnett was required to stand approximately 95% of the time. Patricia Boone was Burnett's immediate supervisor.

Burnett sought emergency medical treatment for swollen legs in June of 1992 and presented Ross Stores with a recommendation from her physician that she not be required to work on June 28 and 29 of 1992. In January of 1993, Burnett was advised by her physician that she had arthritis of the knees and ankles. She informed her supervisor, Patricia Boone, and the district manager of Ross Stores, Greg Roberts.

Burnett was absent from work from March 12, 1993 through March 31, 1993 and on other unspecified dates. She presented Ross Stores with written documentation from her physician, who recommended that she take time off on each occasion. None of these releases that were provided to Ross Stores by Burnett's treating physician prior to May of 1993 contained any restriction upon Burnett. She was paid by Ross Stores for all absences that she took.

In late February of 1993, Burnett discussed with Greg Roberts the possibility of using a downstairs storeroom as an office for Burnett. This move would have reduced the number of times Burnett had to use the stairs. Roberts left Ross Stores in March, 1993. Burnett had subsequent discussions with Boone about the logistics of moving her office. The office was not moved prior to Burnett's termination of employment in May of 1993.

In May of 1993, Burnett was unable to work for two days because of pain in her legs. She presented Boone with a work loss permission slip from her physician that included a limitation on the amount of time that Burnett could stand while she was working. Burnett told Boone that her physician

had instructed her to limit stair climbing and standing. Boone responded to Burnett by stating:

> [T]his wasn't good enough.... "I can't take this because I need you to be, like I said before, at a hundred percent, and if I was to accept this 80–percent condition, then eventually I would ... be forced to force you out. The best thing for you to do is to resign ... because we have been friends too long for me to do that to you."

Deposition of Cherylann Burnett, pp. 114–115 (Exhibit A to Declaration of Cynthia A. Canfield in Support of Motion for Summary Judgment, pp. 38–39).

Burnett resigned thereafter. She stated in her separation report: "Due to health reason [sic] I find it necessary to terminated [sic] my employment with Ross, since I can no longer be on my feet for long periods of time as the job requires." Exhibit E to Declaration of Cynthia A. Canfield in Support of Defendant's Motion for Summary Judgment.

Burnett brings this action against Ross Stores alleging claims for statutory wrongful discharge, common law wrongful discharge, breach of contract, and common law negligence. Burnett concedes that she may not rely on the tort of wrongful discharge because she has an adequate statutory remedy under O.R.S. 659.121 and 659.425.

## APPLICABLE STANDARD

■ Summary judgment should be granted only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits ... show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The burden to establish the absence of a material issue of fact for trial is on the moving party. *British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 951 (9th Cir.1978), *cert. denied*, 440 U.S. 981, 99 S.Ct. 1790, 60 L.Ed.2d 241 (1979). This burden "may be discharged by 'showing' ... that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). The bur-

den shifts to the nonmoving party to "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S.Ct. at 2553.

■ Assuming there has been adequate time for discovery, summary judgment should then be entered against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S.Ct. at 2552. All inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962). When different ultimate inferences can be reached, summary judgment is not appropriate. *Sankovich v. Life Ins. Co. of N. Am.*, 638 F.2d 136, 140 (9th Cir.1981). Finally, summary judgment is inappropriate where credibility is at issue. Credibility issues are appropriately resolved only after an evidentiary hearing or full trial. *SEC v. Koracorp Indus.*, 575 F.2d 692, 699 (9th Cir.), *cert. denied*, 439 U.S. 953, 99 S.Ct. 348, 58 L.Ed.2d 343 (1978).

■ Summary judgment is ordinarily not appropriate on a claim for negligence because questions of negligence must generally be resolved by the finder of fact. *See Flying Diamond Corp. v. Pennaluna & Co.*, 586 F.2d 707, 713 (9th Cir.1978); *see also Trevino v. Yamaha Motor Corp., U.S.A.*, 882 F.2d 182, 184 (5th Cir.1989); *Didier v. J.C. Penney Co.*, 868 F.2d 276, 280 (8th Cir.1989). However, summary judgment on a claim for negligence "is proper where the facts are undisputed and only one conclusion may reasonably be drawn from them." *Flying Diamond Corp.*, 586 F.2d at 713; *see also Trevino*, 882 F.2d at 184.

■ "The interpretation of a contract is a mixed question of law and fact." *Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 367 (9th Cir.1985). When the court's ruling rests on either an analysis of the language of the contract or an application of the principles of contract interpretation, the decision is one of

law, and is therefore appropriate for summary judgment. *See id.*

## CONTENTIONS OF THE PARTIES

Burnett contends that Ross Stores constructively discharged her because of the arthritic condition of her legs in violation of O.R.S. 659.425, and that she is entitled to damages and attorney fees pursuant to O.R.S. 659.121(2). Burnett further contends that Ross Stores breached its contract of employment with her which was established by the Employee Handbook, and that Ross Stores was negligent regarding the general duty of care it owed to her and negligent in exercising its professional management skills toward her.

Ross Stores contends that in the Employee Handbook, Ross Stores disclaims in clear language any intent to form a contract of employment, and that Burnett voluntarily terminated her employment with Ross Stores. Ross Stores further contends that Burnett's negligence claim must fail because (1) the claim is a claim for breach of contract, not negligence; and (2) Ross Stores did not owe a duty of exercising professional management skills toward Burnett because she was an employee-at-will.

## ANALYSIS AND RULING

1. *Wrongful Discharge Pursuant to O.R.S. 659.425*

O.R.S. 659.425 provides the following, in relevant part:

[I]t is an unlawful employment practice for any employer to ... discharge from employment or to discriminate in compensation or in terms, conditions or privileges of employment because:

(a) An individual has a physical ... impairment which, with reasonable accommodation by the employer, does not prevent the performance of the work involved.

Burnett contends that Ross Stores wrongfully discharged her in violation of O.R.S. 659.425 because it placed her in a "resign or be fired" situation, amounting to a constructive discharge, and failed to reasonably accommodate her physical impairment.

A. *Resign or be Fired*

Burnett contends that she was constructively discharged pursuant to O.R.S. 659.425 when her supervisor, Boone, stated that:

[The 80% limitation on standing] wasn't good enough.... "I can't take this because I need you to be, like I said before, at a hundred percent, and if I was to accept this 80-percent condition, then eventually I would ... be forced to force you out. The best thing for you to do is to resign ... because we have been friends too long for me to do that to you."

Deposition of Cherylann Burnett, pp. 114–115 (Exhibit A to Declaration of Cynthia A. Canfield in Support of Motion for Summary Judgment, pp. 38–39).

Ross Stores argues that Burnett's claim of discrimination based on her disability must fail because she voluntarily terminated her employment. Ross Stores claims that Burnett was never unconditionally told to resign or be fired, or ever threatened with discharge in any other way.

Ross Stores bases this contention on the deposition testimony of Burnett, in which she states, in relevant part:

Q    Did she ever say, "You have no alternative but to resign"?

A    No, she didn't, but she had made the statement that, if I were to keep you on at the 80 percent, eventually, I would have been forced out.

Q    And my question was real clear and just real short. Did she ever say, "You will be forced to resign"?

A    Not in those words, no.

*Id.* at 116 (Exhibit A, p. 40).

In *Sheets v. Knight,* 308 Or. 220, 779 P.2d 1000 (1989), the Oregon court addressed the issue of constructive discharge as follows:

[I]n the wrongful discharge setting, the resignation of an employee who unconditionally has been told "resign or be fired" may be found to be a discharge by the trier of fact. The plaintiff's allegation that he "was informed that if he did not resign he would be dismissed by defendants" is

sufficient to allege a constructive discharge.

308 Or. at 228, 779 P.2d 1000 (footnote omitted).

This court finds that the question of whether Burnett was constructively discharged because of her disability is a question for the trier of fact. From the statement Boone made to Burnett after learning of Burnett's 80% restriction, a trier of fact could find that Burnett was put into a position of "resign or be fired." When different ultimate inferences can be reached, summary judgment is not appropriate. *Sankovich, supra,* 638 F.2d at 140.

**B.** *Reasonable Accommodation*

Burnett contends that Ross Stores failed to reasonably accommodate her disability in violation of O.R.S. 659.425 when Ross Stores did not respond to her demand to relocate her office downstairs. Ross Stores acknowledges only that Burnett made a "request" for the relocation of her office.

Ross Stores contends that Burnett did not make any demand for a downstairs office, and that Burnett has not presented any medical evidence of a restriction on stair climbing. Ross Stores argues that it did not respond to Burnett's request for the relocation of her office because she did not provide the appropriate medical documentation of her physical condition and a professional assessment indicating what accommodation was required of Ross Stores.

O.A.R. 839-06-235(3) provides, in relevant part:

An employer may require a medical evaluation of an individual's physical or mental ability to perform the work involved in a position:

(a) The individual seeking or occupying a position must cooperate in any medical inquiry or evaluation, including production of medical records and history relating to the individual's ability to perform the work involved.

The court finds that the issue of whether O.A.R. 839-06-235(3)(a) applies to the facts of this dispute is intertwined with the issue of constructive discharge. The question of reasonable accommodation and compliance with O.A.R. 839-06-235(3)(a) is dependent upon the threshold resolution of the issue of constructive discharge by the trier of fact. Therefore, summary judgment is not appropriate.

**2.** *Breach of Contract Claim*

Burnett contends that Ross Stores breached the contract of employment that she had with Ross Stores which was established by the Employee Handbook. She contends that Ross Stores breached the contract of employment by failing to accommodate her disability and/or by constructively discharging her in violation of the Equal Employment Opportunity Policy of Ross Stores expressed in the Employee Handbook. Burnett contends that the statement in the Employee Handbook is inconsistent with the disclaimer in her contract of employment, thereby creating an ambiguity within the Employee Handbook.

Ross Stores argues that in the Employee Handbook, Ross Stores expressly disclaims any intent to form a contract of employment through the Employee Handbook. The Employee Handbook contains the following provisions:

We have attempted to be as comprehensive as possible in preparing this handbook. This handbook is a *summary* of Ross' policies, procedures, and practices and is *not* intended to be a comprehensive explanation of those policies and procedures. This handbook is not a contract of employment, nor does it constitute a promise by ROSS that the policies will be rigidly followed in every case. It merely establishes guidelines to govern our daily activities.

. . . .

All employees who do not have a written individual employment contract, signed by the President of ROSS Stores for a specific, fixed term of employment, are "at will" employees. This means that these employees may resign at any time, for any or no reason. ROSS Stores may terminate their employment at any time, with or without notice, for any or no reason, with or without cause.

Exhibit B to Declaration of Cynthia A. Canfield in Support of Defendant's Motion for Summary Judgment, pp. 3–7 (emphasis in original).

Burnett signed an "ACKNOWLEDGMENT OF RECEIPT OF EMPLOYEE HANDBOOK," which states, in part:

I have read, understand and agree to abide by the policies and procedures contained in this handbook. I further understand and agree that I do not have an employment contract expressed or implied, that my employment is not complied [sic] to a fixed term, and that it may be ended by either myself or ROSS Stores without prior notice.

Exhibit C to Declaration of Cynthia A. Canfield in Support of Defendant's Motion for Summary Judgment.

■■■■ To establish a contract of employment, Burnett must show a mutual intent on the part of Ross Stores and its employees to be bound by the terms of an employment contract. *R.J. Taggart, Inc. v. Douglas County*, 31 Or.App. 1137, 1140, 572 P.2d 1050 (1977), *rev. denied*, 282 Or. 385 (1978). The language contained in the Employee Handbook is an express disclaimer on the part of Ross Stores to be bound. Although the meaning of contract terms which are ambiguous is an issue for the jury, the interpretation of the terms of a contract is a question of law for the court where the terms are unambiguous. *Timberline Equip. Co. v. St. Paul Fire and Marine Ins. Co.*, 281 Or. 639, 643, 576 P.2d 1244 (1978).

■■■■ The court finds that the language of the Employee Handbook is unambiguous and does not as a matter of law create a contract between Ross Stores and Burnett. Summary judgment in favor of Ross Stores on Burnett's claim for breach of contract is granted.

### 3. *Negligence Claim*

In a negligence action, the "plaintiff must allege that defendant owed him a duty, that defendant breached that duty, and that the breach was the cause in fact of some legally cognizable damage to plaintiff." *Brennen v.*

*City of Eugene*, 285 Or. 401, 405, 591 P.2d 719 (1979).

Burnett contends that Ross Stores owed her a duty not to constructively discharge her because she asserted her private statutory right to work with a reasonable accommodation for her physical impairment. Burnett argues three bases for her contention: (1) a special relationship between Burnett and Ross Stores arising out of the employer/employee relationship; (2) a contractual relationship between Burnett and Ross Stores pursuant to the Employee Handbook; and (3) a statutory obligation on the part of Ross Stores to refrain from unlawful employment practices.

Ross Stores contends that Burnett's negligence claim is duplicative of her contract claim because the gravamen of the negligence claim is a breach of contract, not a tort. Ross Stores argues that Burnett's negligence claim is based on the contract arising out of the Employee Handbook, and the duty of care required of Ross Stores arises from the special relationship arising out of the contract of employment.

■■■■ A claim in negligence may be based on a duty imposed "by statute, contract, or court-made law." *Fuhrer v. Gearhart by the Sea, Inc.*, 306 Or. 434, 439, 760 P.2d 874 (1988). Burnett has alleged a duty imposed by statute and contract in accordance with *Fuhrer*. Therefore, at this time, Ross Stores has not shown that it is entitled as a matter of law to a judgment on this issue.

### CONCLUSION

For the reasons stated above, the motion of Ross Stores for summary judgment (# 3) is granted on the claim of Burnett for breach of contract and denied on the claims of Burnett for statutory wrongful discharge in violation of O.R.S. 659.425 and for common law negligence.

The cross-motion of Burnett for partial summary judgment (# 8) is denied.