35 F.3d 571
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
HEWLETT-PACKARD, INC., a California corporation, Plaintiff-Appellee,
v.
PRAEGITZER INDUSTRIES, INC., an Oregon corporation,
Defendant-Appellant.
 No. 93-35073.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 15, 1994.
Decided Sept. 15, 1994.
 
 Before: TANG, FERGUSON, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Praegitzer Industries, Inc. and Robert Praegitzer appeal the district court's order granting Hewlett-Packard's motion for summary judgment. They argue that the district court erred in: (1) finding that they were aware of the risk of crystallization; (2) concluding that Hewlett-Packard acted reasonably in failing to warn them of the risk of crystallization because they were already "fully informed" of that risk; (3) requiring them to show proximate cause; (4) not addressing their failure to take proper safety precaution claims; and (5) treating them as a single entity. We reverse and remand.
 
 I.
 
 3
 The division of Hewlett-Packard located in Corvallis, Oregon manufactured circuit boards for use in calculators and portable computers. The manufacturing process required the circuit boards to be immersed in chemical solutions at various temperatures, and Hewlett-Packard purchased a number of polypropylene immersion tanks, electric immersion heaters, and immersion heater monitoring devices for that purpose. When Hewlett-Packard ceased manufacturing circuit boards, it sold its immersion equipment to Praegitzer Industries. Approximately four years later, a fire destroyed the Praegitzer Industries plant. The investigating fire marshal linked the cause of the fire to a malfunctioning low liquid level sensor, an immersion heater monitoring device designed to prevent an insufficiently immersed immersion heater from overheating.
 
 
 4
 The operation of a low liquid level sensor is relatively simple. It is mounted on the side of an immersion tank and has two long metal probes that extend into the immersion tank. An electric current is sent through the probes. When the probes are immersed in the conductive chemical solution found in an immersion tank, the current flows between the probes. If the chemical solution level in an immersion tank falls below the bottom of the probes, the current flowing between the probes is broken and the immersion heater automatically turns off.
 
 
 5
 In this case, however, certain salts in the chemical solution in one of the immersion tanks crystallized and formed a "bridge" between the low liquid level sensor's probes (hereinafter "crystallization"). Like the chemical solution in the immersion tank, those crystallized salts conducted electricity. Thus, when the chemical solution level fell below the bottom of the probes, the current flowing between the probes did not break but continued to flow through the bridge. The insufficiently immersed immersion heater overheated and ignited the immersion tank, causing the fire that destroyed the Praegitzer Industries plant. Hewlett-Packard had experienced a similar but smaller fire due to crystallization before it sold its immersion equipment to Praegitzer Industries, but Hewlett-Packard did not warn Praegitzer Industries of the risk of crystallization nor that it had experienced such a fire.
 
 
 6
 Hewlett-Packard filed a complaint against Praegitzer Industries that alleged breach of bailment and negligence in the maintenance and operation of its circuit board manufacturing equipment. Hewlett-Packard prayed for damages for the loss of Hewlett-Packard property destroyed in the fire and for interruption of business losses incurred because of the loss of that property.
 
 
 7
 In its answer, Praegitzer Industries filed a counterclaim that alleged that Hewlett-Packard acted negligently in selling its circuit board manufacturing equipment to Praegitzer Industries without warning it of the risk crystallization and in not taking proper safety precautions.[1] Praegitzer Industries prayed for damages for the loss of its equipment destroyed in the fire and for lost profits. Robert Praegitzer filed a separate complaint against Hewlett-Packard that also alleged negligence for failing to warn of the risk of crystallization and prayed for damages for the loss of the building in which the Praegitzer Industries plant was located, which he owned and leased to Praegitzer Industries. The two cases were consolidated.
 
 
 8
 Hewlett-Packard voluntarily dismissed its complaint against Praegitzer Industries and filed a motion for summary judgment as to the claims remaining against it. Initially, the magistrate judge recommended that the district court grant Hewlett-Packard's motion for summary judgment. Praegitzer Industries and Robert Praegitzer filed an objection to the magistrate judge's recommendation which the magistrate judge treated as a motion for reconsideration. Upon reconsideration, the magistrate judge reversed his earlier recommendation and recommended instead that the district court deny Hewlett-Packard's motion for summary judgment. Hewlett-Packard objected to the magistrate judge's recommendation. After conducting a de novo review of the record, the district court rejected the magistrate judge's recommendation and granted Hewlett-Packard's motion for summary judgment. Praegitzer Industries and Robert Praegitzer (hereinafter the "appellants") timely appeal.
 
 II.
 
 9
 The district court found that the appellants were aware of the risk of crystallization. The appellants argue that there is a material issue of fact as to whether they were aware of the risk of crystallization, making the district court's grant of summary judgment inappropriate. We agree.
 
 
 10
 Every Praegitzer Industries employee deposed specifically alleged that he was not aware of the risk of crystallization. The only witnesses who alleged an awareness of such a risk prior to the Praegitzer Industries fire were Hewlett-Packard employees. Given that the evidence is viewed in the light most favorable to the appellants, see Tzung v. State Farm Fire and Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989), there is insufficient evidence to rule as a matter of law that any Praegitzer Industries employee was aware of the risk of crystallization.[2]
 
 
 11
 If there is a material issue of fact as to whether the appellants were aware of the risk of crystallization, the question becomes whether the appellants' familiarity with the immersion equipment and that equipment's inherent dangerousness is sufficient to conclude, as a matter of law, that Hewlett-Packard acted reasonably in failing to warn Praegitzer Industries of the risk of crystallization.[2] The district court found that the appellants' familiarity was sufficient to so conclude. We find that this is an issue of fact for the jury and not the court to determine.
 
 
 12
 Hewlett-Packard's liability for failing to warn the appellants of the risk of crystallization is determined by considering whether Hewlett-Packard could have reasonably foreseen that there was an unreasonable risk of harm, a reasonable person in its position would have warned of the risk, it had a reasonable chance to warn of the risk, and the appellants were injured as a result of the failure to warn. Fuhrer v. Gearhart by the Sea, 760 P.2d 874, 878 (Or.1988). Whether a reasonable person in Hewlett-Packard's position would have warned of the risk of crystallization is determined by considering "the likelihood of the harm, the severity of the possible harm, the 'cost' of action that would prevent harm, and the defendant's position, including the defendant's relationship with the plaintiff." Id. Thus, the appellants' familiarity with the immersion equipment and that equipment's inherent dangerousness is not relevant to Hewlett-Packard's liability for failing to warn the appellants of the risk of crystallization.
 
 
 13
 However, the appellants' familiarity is relevant to the appellants' fault and thus to a comparative negligence determination. See Woolston v. Wells, 687 P.2d 144, 150 (Or.1984) ("Where the issues of fact are framed by allegations of a defendant's negligence, defendant's denial thereof and defendant's affirmative defense of negligence on the part of the plaintiff, the instructions should be framed so as to present the issues in terms of the negligence of each party...."). Under Oregon's comparative negligence system, a jury determines each party's fault without reference to the other party, and if both parties are at fault, the fault is compared. Id. "In determining and comparing fault, the jury must necessarily consider the obviousness of danger and the ease or difficulty with which harm to the plaintiff from that danger could be avoided by either party." Id. at 150-51. In this case, the two faults to be compared are Hewlett-Packard's failure to warn of the risk of crystallization and Praegitzer Industries' purchase and use of the immersion equipment despite the appellants' familiarity with the inherent dangerousness of that equipment.[3]
 
 
 14
 Accordingly, because there is a material issue of fact as to whether the appellants were aware of the risk of crystallization, and because comparative negligence determinations are made by the jury, see Woolston, 687 P.2d at 149; Or.Rev.Stat. Secs. 18.470, 18.480, we reverse the district court's order granting Hewlett-Packard's motion for summary judgment and remand for further proceedings.[4]
 
 
 15
 REVERSED AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Specifically, Praegitzer Industries alleged that Hewlett-Packard was negligent: (1) "by failing to warn [Praegitzer Industries] that the equipment would start a fire with normal use"; (2) "by failing to inform [Praegitzer Industries] of [Hewlett-Packard's] prior experience with the equipment, particularly concerning the [Hewlett-Packard] fire"; (3) "by failing to adequately repair the equipment prior to [the] sale to [Praegitzer Industries]"; (4) "by failing to adequately inspect the equipment prior to the sale to [Praegitzer Industries]"; and (5) "by failing to determine the reason for the [Hewlett-Packard] fire and take appropriate steps to insure a fire would not start again."
 
 
 [2]
 The evidence shows that Praegitzer Industries was familiar with immersion equipment and aware of the general risk of fire associated with that type of equipment. The evidence also shows that Praegitzer Industries experienced two fires due to malfunctioning low liquid level sensors prior to the fire that destroyed its plant. One fire was caused by corrosion and the other fire's cause was unknown
 
 
 [3]
 A finding that the appellants' were aware of the risk of crystallization before they purchased the immersion equipment may make any comparisons unnecessary because, for Hewlett-Packard to be liable, the appellants must prove that they were injured as a result of the failure to warn. Fuhrer, 760 P.2d at 878. However, because we find that there is an issue of material fact as to whether the appellants were aware of the risk of crystallization, we need not address this issue
 
 
 [4]
 Because we find that the district court improperly granted Hewlett-Packard's motion for summary judgment on the bases set forth above, we find it unnecessary to address specifically the appellants' other arguments. However, we note that proximate cause is not an element of Oregon tort law, see Sanford v. Chevrolet Div. of Gen. Motors, 642 P.2d 624, 633 (Or.1982), and that the appellants' failure to take proper safety precautions claims are subject to the same analysis as their failure to warn claims, see Fuhrer, 760 P.2d at 880 n. 3
 Additionally, we decline to affirm on the basis of any of the fact-intensive alternative theories suggested by Hewlett-Packard. Those theories are best addressed by the district court.