Argued and submitted July 16, 1986, affirmed March 11, reconsideration denied
June 26, petition for review denied July 28, 1987 (303 Or 700)

# WORKMAN,
*Appellant,*

*v.*

# RAJNEESH FOUNDATION INTERNATIONAL et al,
*Respondents.*

(CC84-142; CA A37635)

# HILL,
*Appellant,*

*v.*

# RAJNEESH FOUNDATION INTERNATIONAL et al,
*Respondents.*

(CC84-143; CA A37636)
(Cases consolidated)

733 P2d 908

John A. Goodall, Seattle, Washington, argued the cause and filed the briefs for appellants.

Robert J. McCrea, Eugene, argued the cause for respondents. With him on the brief were Ronald H. Hoevet, Portland, for respondent Rajneesh Investment Corporation, John R. Ransom, Portland, for respondent Rajneesh Neo-Sannyas International Commune, Ma Prem Sheelu, Rajneeshpuram, for respondents Ma Anand Sheela and Bhagwan Shree Rajneesh and McCrea, P.C., Eugene, for respondent Rajneesh Foundation International.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Deits, Judge.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendants in these defamation actions moved for and the trial court granted summary judgment on the ground that plaintiffs did not bring the actions within the one-year limitation period of ORS 12.120(2). The defamatory statements were made at a public school board meeting which neither plaintiff attended.[1] The decisive question is whether the time of discovery rule, under which the running of the Statute of Limitations is tolled until the plaintiff knows or reasonably should know that he has a claim against the defendant, applies to actions for defamations made in a public meeting.[2]

The discovery rule was first judicially[3] endorsed in Oregon in *Berry v. Branner,* 245 Or 307, 421 P2d 996 (1966), a medical malpractice action: the defendant left a surgical needle in the plaintiff's body in 1956, the plaintiff suffered continuing problems and diligently attempted to discover their cause, and the needle was finally discovered in 1965. The court held that, although the plaintiff had a right of action as of the time the negligent event occurred, her cause of action did not "accrue" within the meaning of ORS 12.010 and the two-year Statute of Limitations did not begin to run until she discovered or reasonably should have discovered the "tort committed upon her person by defendant." 245 Or at 316.

Since the decision in *Berry,* the rule has been extended to the Statutes of Limitations applicable to many other kinds of actions, a partial listing of which is given in

---

[1] Plaintiff Workman was in Bangkok, Thailand. Plaintiff Hill was in the immediate area, but did not learn of the statements until the day after they were made. Both plaintiffs were aware of the statements before the end of the month in which they were made. They brought their actions one year and one day after the making of the statements.

[2] Defendants filed motions to dismiss under ORCP 21 but did not raise the limitations issue in those motions. They filed their summary judgment motions, without having answered, after the motions to dismiss were denied. Plaintiffs argue that we should reverse, because defendants did not raise the limitations issue in the ORCP 21 motions, *see* ORCP 21F, and because the motion for summary judgment was not an appropriate vehicle for asserting the Statute of Limitations defense. We disagree with the first contention in the light of ORCP 21G(2) and *State Farm Ins. Co. v. Berg,* 70 Or App 410, 417-18, 689 P2d 959 (1984), *rev den* 298 Or 553 (1985), and with the second in the light of ORCP 47 and *Duncan v. Augter,* 62 Or App 250, 661 P2d 83, *rev den* 295 Or 122 (1983).

[3] The rule had previously been adopted legislatively in connection with fraud actions. ORS 12.110(1).

*White v. Gurnsey,* 48 Or App 931, 935, 618 P2d 975 (1980). We applied the discovery rule in *White* to a libel action, where the defamatory matter was contained in a memorandum which was mailed and received in March, 1978, but which the plaintiff did not discover until the following month, after he was discharged from his job as a result of the memorandum. We explained that, although "as a general rule, a cause of action for libel accrues for statute of limitations purposes on the date of publication [citing *Bock v. Collier,* 175 Or 145, 151 P2d 732 (1944)]," 48 Or App at 935,

"[t]he memorandum here was confidential in nature and the initial publication was not of the type that plaintiff would be presumed to have known about, even in the exercise of reasonable diligence. Although, technically, at the time of the initial publication of confidential communications in employment contexts some damage occurs, which gives rise to a right of action, in many instances there is no reason for plaintiff to suspect such a publication until he is discharged, and perhaps not even then. * * * The statutory analysis in *Berry v. Branner, supra,* is equally applicable to the present statute of limitations, ORS 12.120(2) * * *." 48 Or App at 936-37. (Citation omitted.)

The question in this case is whether the rationale for the discovery rule warrants its extension to defamations which are expressed in open or public forums or media, as distinct from confidential or private ones, but which the defamed person does not learn about until after the fact. The corollary question is whether the protective purposes of the Statute of Limitations should be diminished or lost to the defendants under such circumstances.

The court said in *Berry v. Branner, supra:*

"The objective of a statutory limitation on the time within which an action may be brought is, in malpractice cases, the protection of medical practitioners from the assertion of stale claims. We do not believe the legislature intended to limit patients asserting malpractice claims, who by the very nature of the treatment had no way of immediately ascertaining their injury, to the same overall period of time that is allowed for bringing other tort actions that are normally immediately ascertainable upon commission of the wrong. The protection of the medical profession from stale claims does not require such a harsh rule. The mischief the statute was intended to remedy was delay in the assertion of a legal right by one who

had slumbered for the statutory period during which process was within his reach." 245 Or at 312-13. (Citation omitted.)

Thus, part of the rationale for the rule in *Berry* is that certain kinds of wrongs are categorically more capable than others of eluding immediate recognition and of lacking an obvious temporal or causal relationship to the injuries they produce.

No consistent analytical principles have been developed for determining whether to apply the discovery rule to particular statutes of limitations and particular kinds of wrongs. The decisions extending the rule to new contexts sometimes simply posit that there is no reason why it should not apply in that context if it applies in others. *See, e.g., U.S Nat'l Bank v. Davies,* 274 Or 663, 669, n 1, 548 P2d 966 (1976) (legal malpractice). Sometimes, the opinions have been elaborate analyses of the language and history of the particular statute in question. *See, e.g., Dowers Farms v. Lake County,* 288 Or 669, 607 P2d 1361 (1980) (Tort Claims Act). When all is said and done, however, the decisional explanations have generally been purely visceral. Even in cases such as *Dowers Farms,* where the starting point of the analysis assumes that there is a reasoned approach that can be followed to a logical answer, the analysis ends with the same kind of "if there, why not here" conclusion that appears in the opinions which begin more modestly. *See* 288 Or at 678-79.

■ The subsequent extensions of the discovery rule show a recognition that the court in *Berry* went too far in stating that all torts other than medical malpractice "are normally immediately ascertainable upon commission of the wrong." We nevertheless consider the kind of distinction the court drew in *Berry* to embody an appropriate analytical approach in any case where a new application of the discovery rule is considered. Unless the language or history of the statute dictates otherwise, the threshold question should be whether the wrong and its probable consequences, by their nature, are *inherently discoverable* upon the occurrence. If the answer is yes, the policy underlying limitations on actions should prevail over the countervailing policy promoted by the discovery rule, even if the plaintiff in a particular case happened not to have discovered the wrong at the time when it occurred.

■ We conclude that the answer to the threshold inquiry is yes in defamation actions arising out of statements made at

public meetings. The facts of this case graphically illustrate the bases for that answer. Plaintiffs *did* know that they had a right of action within one day of its genesis in one case, and 11 days in the other, even though neither attended the meeting and one was in Thailand at the time of the meeting. *See* note 1, *supra.*[4]

*White v. Gurnsey, supra,* is distinguishable, because public defamations differ in two relevant ways from those published in confidential documents. It is highly likely that a defamatory comment made at a public meeting will come rapidly to the attention of its subject; it is also likely, given the widespread and immediate dissemination that public utterances are prone to receive, that the injurious consequences of the defamation will be quickly apparent. Moreover, in the rare instances when neither the victim of a defamation nor those concerned with his character and reputation learn of the statement in substantially less than a year after the event, it is likely that the victim could have learned of it through the exercise of reasonable diligence.

There are, without doubt, enough factual variables in the world to assure that cases will arise where none of the probabilities discussed above will hold true. However, the discovery rule was devised to apply to kinds of actions where the underlying wrong and its relationship to the injury are inherently resistant to prompt discovery. Defamatory comments at public meetings are so intrinsically susceptible to immediate discovery that it would be anomalous to apply the rule to actions based on them. To do so would, at the best, make somewhat more certain what is virtually inevitable, and the

---

[4] The cases have treated the discovery rule as having a tolling effect, *i.e.,* the statute does not begin to run until the plaintiff knows or reasonably should know the relevant facts. That is appropriate in cases such as *Berry v. Branner, supra,* where the plaintiff discovered her right of action after the limitation period had elapsed. It is not clear, however, that the tolling of the statute should be the exclusive means of applying the rule in cases where the plaintiff obtains the requisite knowledge after the occurrence of the relevant event but well within the untolled limitation period. In such circumstances, it would seem also to be germane whether the plaintiff, in the exercise of reasonable diligence, could have brought the action within the statutory period dating from the event rather than from his discovery of it. If, as in this case, the plaintiff has full knowledge of all material factors long before the period would expire if it were not tolled, the tolling approach may not be the best way of accommodating the competing values that statutes of limitations and the discovery rule serve. Because we conclude that the rule does not apply here, it is unnecessary for us to decide the question discussed in this footnote.

practical effect of doing so would generally be to add a day or two to the statutorily-prescribed limitation period rather than to serve the rule's purpose of preventing a right of action from becoming time-barred before the basis for the action can be known and the action brought. *Berry v. Branner, supra,* 245 Or at 312. The discovery rule does not apply to these cases, and the trial court ruled correctly.

Affirmed.