Argued and submitted June 14, reversed and remanded in part; otherwise affirmed
September 18, 1996, petition for review denied February 4, 1997 (324 Or 560)

## Virginia A. GEHRKE,
*Appellant,*

*v.*

## CRAFCO, INC.,
dba Ben Franklin Crafts;
PJDJS, Inc.,
dba The Ben Franklin Store,
*Respondents.*

(94C12231; CA A89072)

923 P2d 1333

Lee Aronson argued the cause for appellant. With him on the briefs was Schulte, Anderson, Downes, Carter & Aronson, P.C.

R. Daniel Lindahl argued the cause for respondents. With him on the brief were David A. Ernst and Bullivant, Houser, Bailey, Pendergrass & Hoffman.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

## EDMONDS, J.

Plaintiff appeals from a summary judgment in favor of defendants, CrafCo, Inc. (CrafCo) and PJDJS, Inc. (PJDJS). ORCP 47 C. We affirm in part and reverse in part.

In July 1992, plaintiff was allegedly injured when she tripped over a metal extension of a crafts display shelf at a crafts store in Woodburn. In July 1994, plaintiff's counsel prepared to file a complaint against the store. At the time of plaintiff's injury, the name on the store where plaintiff had fallen was "Ben Franklin." Before filing the complaint, plaintiff's counsel collected newspaper advertising and Yellow Page Ads identifying the store as "Ben Franklin Crafts." Similarly, the store provided its customers with bags indicating that the merchandise in them had been purchased from "Ben Franklin Crafts."

Based on that information, plaintiff's attorney contacted the Secretary of State and inquired as to the name and address of the owner of and the registered agent for Ben Franklin Crafts. The Secretary of State's records identified the owner as CrafCo doing business under the name of Ben Franklin Crafts and the registered agent as Paul Johnson. According to the records, the address for both CrafCo and Johnson was the same as the address of the store in Woodburn where plaintiff had fallen.

Plaintiff's complaint was filed just before the statute of limitations was to expire under ORS 12.110(1) and named CrafCo as the defendant.[1] It alleged that the premises where plaintiff had fallen were maintained negligently. Plaintiff served the complaint on CrafCo after the limitations period expired but within the 60 days allowed for service under ORS 12.020(2). Before answering the complaint, CrafCo filed a motion for summary judgment. In support of its motion, Johnson, as president and registered agent of CrafCo, filed

---

[1] ORS 12.110(1) provides:

"An action for assault, battery, false imprisonment, or for any injury to the person or rights of another, not arising on contract, and not especially enumerated in this chapter, shall be commenced within two years; provided, that in an action at law based upon fraud or deceit, the limitation shall be deemed to commence only from the discovery of the fraud or deceit."

an affidavit in which he asserted that "CrafCo, Inc. has never owned, operated or maintained the crafts store located * * * in Woodburn, Oregon[.]"

Thereafter, plaintiff deposed Johnson and learned for the first time that the Ben Franklin Store in Woodburn was actually owned and operated by PJDJS doing business as "The Ben Franklin Store" and that CrafCo operated a store named Ben Franklin Crafts in Springfield. Plaintiff also learned that Johnson was the president and registered agent of PJDJS as well as of CrafCo. Also, Johnson testified at deposition that no CrafCo products were sold at the Woodburn store.

Based on that information, plaintiff filed an amended complaint that reiterated plaintiff's claim against CrafCo and added a similar claim against PJDJS. The amended complaint was filed in January 1995, more than two years after plaintiff's injury. In response to plaintiff's amended complaint, CrafCo renewed its motion for summary judgment. PJDJS also sought summary judgment, arguing that the complaint against it was filed beyond the statute of limitations. The trial court granted summary judgment to both CrafCo and PJDJS, and plaintiff appeals.

■ Summary judgment may be granted under ORCP 47 if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. We review the record in the manner most favorable to the adverse party to determine whether an objectively reasonable juror could return a verdict for the adverse party on the matter that is the subject of the motion for summary judgment. ORCP 47 C; *Jones v. General Motors Corp.*, 139 Or App 244, 249, 911 P2d 1243, *rev allowed* 323 Or 483 (1996).

In its first assignment of error, plaintiff argues that the trial court erred in granting summary judgment to CrafCo because an issue of fact exists as to whether CrafCo was responsible for the condition of the premises where plaintiff fell. CrafCo argues that plaintiff has produced *no* evidence tending to prove that CrafCo was a "possessor" of the store in Woodburn, and, therefore, that it cannot be held liable. It asserts that the only evidence is that it did not own or lease any part of the building in Woodburn and that it had

no responsibility for its maintenance. Plaintiff counters that the evidence in the summary judgment record would permit a jury to find that CrafCo was a possessor of the Woodburn premises. In support of its argument, plaintiff points to evidence that CrafCo was doing business as Ben Franklin Crafts, that its registered office and corporate address were the same as that of the Woodburn store, and that Johnson maintained an office at the store and received CrafCo mail at that location. Moreover, the Woodburn store identified itself in advertising, phone listings and packaging as Ben Franklin Crafts, the registered name of CrafCo. Plaintiff concludes that an inference arises from all the evidence that CrafCo is a possessor of the Woodburn store and invited plaintiff to shop there.

Both CrafCo and plaintiff rely on *Restatement (Second) of Torts* § 328E (1965) in support of their respective positions. That section provides:

"A possessor of land is

"(a) a person who is in occupation of the land with intent to control it or

"(b) a person who has been in occupation of land with intent to control it, if no other person has subsequently occupied it with intent to control it, or

"(c) a person who is entitled to immediate occupation of the land, if no other person is in possession under Clauses (a) and (b)."

■ Although we are not aware of any Oregon case that has expressly adopted section 328E, we use its provisions in this case because the parties agree that it defines the applicable common-law standard.[2] We conclude that plaintiff has demonstrated that there is an issue of fact as to whether CrafCo was the possessor of the Woodburn store. A trier of fact would not be required to believe Johnson's testimony that no CrafCo products were sold at the Woodburn store in

---

[2] In *Fuhrer v. Gearhart By The Sea, Inc.*, 79 Or App 550, 553, 719 P2d 1305 (1986), *rem'd* 303 Or 171, 734 P2d 1348 (1987), *on remand* 87 Or App 219, 742 P2d 58 (1987), *aff'd* 306 Or 434, 760 P2d 874 (1988), we mentioned section 328 E in passing.

light of the evidence that the store held itself out to the public as a store selling products under the name of Ben Franklin Crafts, the registered name of CrafCo. Similarly, a trier of fact could reasonably infer from the same evidence that CrafCo occupied the store and was in control or "possession" of the premises. We hold that the trial court erred in granting summary judgment to defendant CrafCo.

■ In its second assignment of error, plaintiff argues that the trial court erred in granting summary judgment to PJDJS because there are genuine issues of fact as to whether plaintiff in the exercise of reasonable diligence should have discovered the identity of PJDJS. Both parties agree that the statute of limitations in a negligence action does not begin to run until the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the identity of the tortfeasor. *Duyck v. Tualatin Valley Irrigation Dist.*, 304 Or 151, 742 P2d 1176 (1987). However, defendant argues that the discovery rule does not apply to this case because, at the time of her fall, plaintiff knew that the owner/operator of the store in which she fell was causally responsible for her injury. Plaintiff contends that it was not unreasonable under the circumstances for her to believe that CrafCo was the possessor of the store and that she exercised reasonable diligence in attempting to discover the correct identity of the party responsible for her injuries.

■ We conclude that the discovery rule does not apply to the facts of this case. The Supreme Court first adopted the discovery rule in *Berry v. Branner*, 245 Or 307, 315-16, 421 P2d 996 (1966). The court held that an action did not accrue until the "plaintiff obtained knowledge, or reasonably should have obtained knowledge of the tort committed upon her person by defendant." *Id.* at 316. In *Duncan v. Augter*, 62 Or App 250, 258, 661 P2d 83, *rev den* 295 Or 122 (1983), we explained:

> "The general policy behind the 'discovery rule' is to delay the running of the statute of limitations until an injured person knows or should know that she has a cause of action so that the law does not strip her of a remedy before she could know she has been wronged."

In this case, plaintiff knew or should have known that she had been wronged by the possessor of the store at the time of the fall, even though she did not know whom the possessor was.

In *Workman v. Rajneesh Foundation International*, 84 Or App 226, 733 P2d 908, *rev den* 303 Or 700 (1987), we concluded that the discovery rule did not apply to two actions for defamatory statements made in a public meeting, in light of the policies underlying the rule. The plaintiffs were not at the meeting and heard about the defamation afterwards. Their actions were brought one year and one day after the making of the statements.[3] We reasoned:

> "Unless the language or history of the statute dictates otherwise, the threshold question should be whether the wrong and its probable consequences, by their nature, are *inherently discoverable* upon the occurrence. If the answer is yes, the policy underlying limitations on actions should prevail over the countervailing policy promoted by the discovery rule, even if the plaintiff in a particular case happened not to have discovered the wrong at the time when it occurred." 84 Or App at 230. (Emphasis in original.)

The issue in *Workman* was whether the discovery rule is categorically inapplicable in defamation actions, where the defamatory statement is made in a public forum. Nevertheless, the "inherently discoverable" reasoning in that case is also pertinent in determining whether the plaintiff in a negligence action has exercised due diligence to discover the requisite facts. In this case, the identity of the tortfeasor was inherently discoverable when plaintiff was injured. At that time, she knew that the store, regardless of its legal identity, had caused her alleged injury.

The cases relied on by plaintiff do not require a contrary conclusion. In *Adams v. Oregon State Police*, 289 Or 233, 611 P2d 1153 (1980), the plaintiff was unaware that his car had been towed by the Oregon State Police until after the 180-day tort claims notice requirement had expired under ORS 30.275(1). The court held that the notice period did not

---

[3] The controlling statute of limitations was one year. ORS 12.120(2).

begin to run until the plaintiff had a reasonable opportunity to discover the party responsible for the towing. *Id*. at 239. In *Peterson v. Mult. Co. Sch. Dist. No. 1*, 64 Or App 81, 668 P2d 385, *rev den* 295 Or 773 (1983), the plaintiff suffered a neck injury at a high school football practice. After the applicable statute of limitations had expired from the date of the injury, the plaintiff discovered that the defendant had failed to require certain measures that could have prevented the injury. We held that the discovery rule was applicable because the plaintiff did not discover the tortfeasor's negligent involvement until after the statute had run. Similarly, we held in *Shaughnessy v. Spray*, 55 Or App 42, 637 P2d 182 (1981), *rev den* 292 Or 589 (1982), that the discovery rule applied where the plaintiff did not discover the defendant drug manufacture's causal involvement until after the statute had run.

In contrast, this case does not involve a situation where the store's causal involvement was unknown to plaintiff. As we have said, the identity of the possessor of the store in Woodburn was inherently discoverable at the time of the incident. If we were to accept plaintiff's argument, it would mean that the statute of limitations would not begin to run in situations where the cause of the injury was known and the role of the tortfeasor was apparent but there was confusion about who was the proper legal defendant. Under such a rule, the policy underlying the limitations on actions could be frustrated by factors unrelated to the conduct or omission from which the action arose. We conclude that the policy that favors timely actions prevails over the countervailing policy promoted by the discovery rule, even if plaintiff acted reasonably in her belief that the owner of the store in Woodburn was CrafCo.

In the alternative, plaintiff argues that PJDJS should be estopped to assert that the statute of limitations has expired, because PJDJS represented itself as "Ben Franklin Crafts" when it knew that CrafCo was doing business under that name. In her amended complaint, plaintiff alleges:

"11.

"PJDJS, Inc. is a Oregon Corporation registered as doing business as 'Ben Franklin Store.' However, in fact, PJDJS, Inc. at all material times was doing business as 'Ben Franklin Crafts.' Paul Johnson is the registered agent for PJDJS, Inc.

"12.

"The store was located at 990 N. Pacific Hwy., Woodburn, Oregon, which was the registered address for 'Ben Franklin Crafts.' PJDJS, Inc. confused the identity of ownership of the store and is estopped and/or has waived the right to claim that plaintiff's claim is barred by the statute of limitations."

■ In *Donohoe v. Mid-Valley Glass Co.*, 84 Or App 584, 586-87, 735 P2d 11, *rev den* 303 Or 534 (1987) we stated:

"The Supreme Court's and our decisions have recognized that, under some circumstances, a defendant can be equitably estopped by verbal representations or conduct from invoking a statute of limitations defense. *See, e.g., Lyden v. Goldberg*, 260 Or 301, 490 P2d 181 (1971); *Johnson v. Kentner*, 71 Or App 61, 691 P2d 499 (1984), *rev den* 299 Or 31 (1985). Those cases have more often arisen in the settlement negotiation context than any other."

In *Johnson*, we summarized the elements of an equitable estoppel or estoppel by conduct that preclude a defendant from invoking the statute of limitations:

"To constitute an equitable estoppel, or estoppel by conduct, (1) there must be a false representation; (2) it must be made with knowledge of the facts; (3) the other party must have been ignorant of the truth; (4) *it must have been made with the intention that it should be acted upon by the other party*; and (5) the other party must have been induced to act upon it." *Johnson*, 71 Or App at 72 (quoting *Bennett v. City of Salem*, 192 Or 531, 541, 235 P2d 772 (1951)). (Emphasis supplied.)

■ In this case, plaintiff has failed to allege or prove that PJDJS's actions were intended as an affirmative inducement to plaintiff not to file her complaint within the statute of limitations period. Consequently, we conclude that the discovery rule does not apply to the claim against PJDJS and that

plaintiff has not demonstrated conduct by PJDJS that creates an estoppel. The trial court did not err in granting summary judgment to PJDJS.[4]

Reversed and remanded as to claim against CrafCo, Inc.; otherwise affirmed.

---

[4] Plaintiff does not argue that her amended complaint against PJDJS relates back to the date of her original complaint under ORCP 23 C.