Argued and submitted October 1, 1998, reversed and remanded March 24, 1999

Paul HERZBERG,
*Appellant,*

*v.*

MOSELEY AVIATION, INC.,
an Arizona corporation,
*Respondent.*

(96C-12278; CA A100885)

976 P2d 1177

J. Michael Alexander argued the cause for appellant. With him on the briefs was Burt, Swanson, Lathen, Alexander & McCann, P.C.

William F. Buchanan argued the cause for respondent. With him on the brief were James N. Westwood and Miller, Nash, Wiener, Hager & Carlsen, LLP.

Before Landau, Presiding Judge, and Wollheim and Brewer,* Judges.

BREWER, J.

---

* Brewer, J., *vice* Rossman, S. J.

## BREWER, J.

Plaintiff appeals from entry of summary judgment in favor of defendant Moseley Aviation, Inc. (MAI) in a negligence and products liability claim arising from a helicopter crash. Plaintiff assigns error to the grant of summary judgment on his negligence claim. We review the facts in the light most favorable to plaintiff, the nonmoving party. *Jones v. General Motors Corp.*, 325 Or 404, 420, 939 P2d 608 (1997). "The moving party has the burden of showing that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law." *Id.* We reverse and remand.

Plaintiff was injured on July 19, 1994, when the helicopter that he was piloting crashed. The helicopter was owned by Pyramid Oil and leased to plaintiff's employer. Pyramid Oil is a partnership consisting of Evan Moseley and his brother. MAI is an Arizona corporation whose only shareholders are also Moseley and the same brother. Moseley is the president of MAI.

Plaintiff alleges that the crash was caused by a crack in the engine compressor. The maintenance records suggest that Moseley inspected the engine in June 1990 when it was installed in another helicopter. There is evidence indicating that the engine was removed from the first helicopter on November 10, 1990, and installed in the helicopter in question on March 15, 1991. The engine was removed sometime later and then reinstalled in the same helicopter on July 11, 1994, eight days before the crash. Plaintiff concedes that defendant is not liable under a theory of products liability. Moseley certified the helicopter airworthy on October 20, 1993. Between Moseley's last inspection and the date of the crash, others, including plaintiff's employer, serviced and inspected the engine and the helicopter.

Pyramid has no tools or machinery to work on aircraft other than those that accompany its helicopters at purchase. Pyramid has no employees. MAI is equipped to do maintenance and inspection work and does general service work on Pyramid's helicopters. It performed service on the helicopter that crashed. Moseley testified in his deposition

that MAI had serviced the helicopter that crashed at one time, but not at the time that it was being used.

Plaintiff alleges that MAI was negligent in (1) installing a defective engine, (2) failing to detect a crack in the engine compressor, and (3) failing to warn of a crack in the engine compressor. Defendant concedes that on this record plaintiff is entitled "to suppositions that there was a crack in the engine compressor, that it could reasonably have been detected, and that it was reasonably foreseeable that a crack would lead to engine failure and a crash." Defendant further acknowledges that a jury could reasonably conclude that an inspection of the engine within a reasonable period of time before the crash, if it failed to detect the crack, and if the crack was then present, could create liability in the inspecting party. However, defendant argues that there is no evidence that MAI did any work on the engine. Rather, it asserts that the work was done by others, including Moseley, and not by MAI.

There is no evidence in the record that Moseley or MAI installed the engine. In fact, the record shows that plaintiff's employer installed the engine. Likewise, there is no evidence that MAI breached any duty to warn. Therefore, there is no evidence supporting plaintiff's first and third specifications of negligence. However, with respect to the second specification alleging negligent inspection, there is some evidence that Moseley was acting on behalf of MAI when he inspected the engine in 1990 and certified the helicopter airworthy in 1993.

After the crash, plaintiff's attorney wrote to MAI, asserting his understanding that MAI supplied the engine. Moseley replied on MAI letterhead that "[t]he aircraft was/is maintained pursuant to Federal Aviation Regulation. This aircraft including the engine was maintained in accordance to their regulations." However, Moseley later executed an affidavit in support of summary judgment that stated that "MAI did not supply the helicopter described in plaintiff's complaint, nor did it supply, install, or service the helicopter's engine or engine compressor."

Plaintiff relies on our decision in *Gehrke v. CrafCo, Inc.*, 143 Or App 517, 923 P2d 1333 (1996), *rev den* 324 Or

560 (1997), in opposing summary judgment. That case arose out of a slip and fall accident the plaintiff suffered at a Ben Franklin Crafts store. The plaintiff filed an action against the registered owner of Ben Franklin, CrafCo, but discovered after the statute of limitations had run that another entity actually controlled and operated the store. In that case, liability turned on who was "possessor" of the property. We relied on the definition of that term from the *Restatement (Second) of Torts* § 328 E (1965) in concluding that.a triable issue of fact existed as to whether CrafCo or another entity was actually the possessor of the store.

■      In *Gehrke*, we concluded that the trier of fact could disbelieve testimony that no CrafCo products were sold at the store and could, therefore, believe that CrafCo did in fact possess the property because Ben Franklin was the registered name of CrafCo, and products were being sold under the name Ben Franklin. Here, plaintiff asks us to hold likewise that the trier of fact could disbelieve Moseley's testimony that MAI did not service the helicopter's engine. He submits Moseley's letter on MAI letterhead to contradict Moseley's affidavit. One permissible inference from the letter is that Moseley's assertions about maintenance of the engine were made on behalf of MAI. This inference, coupled with the other evidence referred to above, is enough for a trier of fact reasonably to find that Moseley inspected the engine on behalf of MAI and thus to hold the corporation liable on plaintiff's second specification of negligence. The evidence on this record does present a triable issue of fact, and plaintiff's negligence claim therefore escapes summary judgment.

Reversed and remanded.