Argued and submitted November 30, 1998, reversed and remanded July 7, 1999

Gary K. KEPPINGER
and Elsie Keppinger,
*Appellants,*

*v.*

HANSON CRUSHING, INC.,
an Oregon corporation,
*Respondent.*

(94C-12972; CA A100581)

984 P2d 1084

J. Michael Alexander argued the cause for appellants. With him on the brief was Burt, Swanson, Lathen, Alexander & McCann, P.C.

Dennis V. Messoline argued the cause and filed the brief for respondent.

Before Landau, Presiding Judge, and Deits, Chief Judge, and Warden, Senior Judge.

LANDAU, P. J.

## LANDAU, P. J.

Plaintiffs appeal a summary judgment dismissing this action on a promissory note on statute of limitations grounds. We reverse and remand.

Plaintiffs own and operate a blasting company. Defendant is a rock crushing company. Defendant maintained an open credit account with plaintiffs for blasting services that defendant occasionally needed. The account called for interest at 18 percent per annum. On January 30, 1987, plaintiffs loaned defendant $34,000 to assist defendant through a period of financial trouble. The loan was evidenced by a promissory note, which called for 12 percent interest per annum, but included no schedule of payments. Defendant did not make payments for several years.

In 1991, defendant sent several checks to plaintiffs, some of which were designated as payments on the promissory note and some of which were designated as payments on the open account. Plaintiffs, however, applied all of the payments to the open account, because it carried a higher rate of interest.

On September 15, 1994, plaintiffs initiated this action to collect on the promissory note. The verified complaint alleges that "[d]efendant has not paid the note or any part of it" and that the entire balance, plus interest, is now owing. Defendant moved for summary judgment, contending that the action had been filed after the expiration of the six-year statute of limitations that applies to actions on contracts. ORS 12.080. Plaintiffs responded that, under ORS 12.240, when a payment is made on a contract, the six-year limitation period commences from the date of the last payment. They contended that, in this case, the last payment was made in 1992, only two years before the commencement of the action. Defendant replied that the 1992 payments are immaterial, given that plaintiffs are bound by the admission in their complaint that no payments had been made on the promissory note. Defendant further replied that, in any event, because plaintiffs applied the 1992 payments to the open account, they should not be allowed to rely on the tolling provided by ORS 12.240. Plaintiffs moved for leave to amend

their complaint to conform to their proof. The trial court apparently granted the motion, but the trial court file contains no order granting the motion or copy of an amended complaint. The trial court then agreed with defendant on the summary judgment motion and entered judgment dismissing the action.

On appeal, plaintiffs contend that the trial court erred in granting the summary judgment motion. According to plaintiffs, the statute tolls the limitation period from the time a payment is *made*. It does not matter how the payment is *applied*. Defendant responds, as it did to the trial court, that plaintiffs are bound by the allegation in their complaint that no payments were made and that, in any event, the controlling variable is how plaintiffs applied the payments.

■ We begin with defendant's contention that plaintiffs are limited by the allegation in their complaint that defendant had made no payments on the promissory note. Although the trial court file is not entirely clear on the matter, it appears that the trial court permitted plaintiffs to amend their complaint to conform to the proof. Even if that were not the case, however, plaintiffs' evidentiary submission, which showed that defendant had, in fact, made payments in 1991 designated as payments on the promissory note, effectively amended the complaint to conform to that proof. *Minisce v. Thompson*, 149 Or App 746, 751, 945 P2d 582 (1997) (citing *Hussey v. Hintsinger*, 72 Or App 565, 569, 696 P2d 580 (1985)).

■ We turn then to the proper application of ORS 12.240. In construing the statute, we examine its text in context, and, if necessary, resort to legislative history and other interpretive aids. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). ORS 12.240 provides:

> "Whenever any payment of principal or interest is made after it has become due, upon an existing contract, whether it is a bill of exchange, promissory note, bond, or other evidence of indebtedness, the limitation shall commence from the time the last payment was made."

The statute reflects the common-law principle that, when a debtor makes a payment on an antecedent debt, the payment is taken as an acknowledgment of the existence of the debt, which impliedly constitutes a new promise to pay the debt. *See, e.g., Sutherlin v. Roberts*, 4 Or 378, 381 (1873). Consistent with that common-law context, the statute refers to the time the last payment was "made" and makes no reference to how the payment ultimately was applied.

In this case, defendant sent checks to plaintiffs in 1991 that were clearly marked as payments on the promissory note. Defendant thereby acknowledged the debt. It "made" payments on the note. Under ORS 12.240, how plaintiffs later applied the money is not material.

■ Defendant does not suggest an alternative construction of the statutory language. It suggests that, by applying the payments to the open account instead of the promissory note, plaintiffs are estopped from contending that payments were "made" on the note. Estoppel, however, is an affirmative defense, which requires proof of a false representation, (1) of which the other party was ignorant, (2) made with the knowledge of the facts, (3) made with the intention that it would induce action by the other party, and (4) that induced the other party to act upon it. *Gehrke v. CrafCo, Inc.*, 143 Or App 517, 525, 923 P2d 1333 (1996), *rev den* 324 Or 560 (1997). In this case there were no allegations, much less proof, of any of the elements of estoppel.

We conclude that, by making payments designated for application to the promissory note in 1991, defendant tolled the statute of limitations applicable to contract actions and that plaintiffs' action on the note is not time barred. The trial court therefore erred in entering summary judgment for defendant.

Reversed and remanded.