NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 31 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| REBECCA STRONG; et al., | No. 16-35520 |
| Plaintiffs-Appellants, | D.C. No. 6:14-cv-01709-AA |
| v. | |
| CITY OF EUGENE; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Argued and Submitted May 7, 2018
Portland, Oregon

Before: RAWLINSON and NGUYEN, Circuit Judges, and SILVER,** District Judge.

Appellants appeal the district court's orders denying their motion to amend their pleading to add new defendants, denying their motion for summary judgment on the issue of judicial deception in obtaining the search warrant, and granting summary judgment in favor of Appellees. We have jurisdiction under 28 U.S.C.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Roslyn O. Silver, United States District Judge for the District of Arizona, sitting by designation.

§ 1291.  We review the district court's denial of a motion to amend for abuse of discretion, *Wash. State Republican Party v. Wash. State Grange*, 676 F.3d 784, 797 (9th Cir. 2012) (citation omitted), and the grant or denial of summary judgment de novo, *Nat'l Parks & Conservation Ass'n v. Babbitt*, 241 F.3d 722, 730 (9th Cir. 2001) (citation omitted).  For the reasons below, we affirm.

First, Appellants argue the district court abused its discretion in denying their motion to amend the complaint and add the proposed defendants.  But under Oregon law, the statute of limitations is not extended while a plaintiff attempts to ascertain a defendant's identity if, at the time of injury, the plaintiff should have known of a defendant's involvement in the alleged injury.  *See Gehrke v. CrafCo, Inc.*, 923 P.2d 1333, 1336 (Or. Ct. App. 1996).  Here, Appellants knew at the time of the search that multiple officers were involved, and the statute of limitations was not extended while Appellants attempted to ascertain the officers' identities.

Appellants also argue the claims against the proposed defendants relate back under Rule 15.  But the proposed defendants did not receive notice of the lawsuit, and therefore there is no relation back.  Fed. R. Civ. P. 15(c)(1)(C); *Craig v. United States*, 413 F.2d 854, 858 (9th Cir. 1969).  Further, notice to City of Eugene (the "City") is not enough to show notice to the proposed defendants.  Finally, because Appellants failed to show the proposed defendants received notice, the substitution of the proposed defendants' proper names does not relate back under

Oregon Rule of Civil Procedure 23C. For these reasons, the district court did not abuse its discretion in denying Appellants' motion to amend.

Appellants also argue the district court erred in granting summary judgment in favor of Appellees. Strong and Byers argued Trotter, Solesbee, and Burroughs (the "individual defendants") subjected them to excessive force because of the use of a SWAT team, because weapons were pointed at them, and because Strong's handcuffing injured her recently operated-on shoulder. The district court did not err in granting summary judgment in favor of Trotter and Burroughs on these claims, and Solesbee regarding the handcuffing, as they neither personally nor integrally participated in these actions. *See Bravo v. City of Santa Maria*, 665 F.3d 1076, 1090 (9th Cir. 2011); *Torres v. City of Los Angeles*, 548 F.3d 1197, 1206 (9th Cir. 2008); *Blankenhorn v. City of Orange*, 485 F.3d 463, 481 n.12 (9th Cir. 2007). It also did not err in granting summary judgment in Solesbee's favor regarding the use of the SWAT team, as it was not excessive under the circumstances.

Likewise, the district court did not err in granting summary judgment in favor of the City on the claim that it had a custom, policy, or practice that led to the alleged use of excessive force. Since the evidence supporting the excessive force claim was deficient, a derivative claim against the City cannot be maintained. *Yagman v. Garcetti*, 852 F.3d 859, 867 (9th Cir. 2017).

The district court also did not err in granting summary judgment in favor of the individual defendants on Strong and Byers' claims that the detention violated their Fourth Amendment rights. Officers may detain all persons present when a warrant is executed and during the search. *Muehler v. Mena*, 544 U.S. 93, 98 (2005). Moreover, Strong and Byers cite no evidence in support of their argument that their detention was unconstitutionally prolonged. *See id.* at 102.

Likewise, the district court did not err in granting summary judgment in favor of the individual defendants on Appellants' claims for unlawful damage to their property. As to Trotter and Burroughs, no evidence shows they personally or integrally participated in any property damage. And although the evidence suggests Solesbee made the decision to drive through the outer gate, Appellants argue it was unreasonable because of the officers' failure to comply with "knock and announce" requirements prior to damaging the gate. Even if this failure was unconstitutional, Solesbee is entitled to qualified immunity because it was not clearly established that "knock and announce" applied to an outer gate.

The district court also did not err in granting summary judgment in favor of the individual defendants on Appellants' claims that their property was unlawfully seized. The warrant authorized the seizure of parts with altered identification numbers, and there was evidence that Strong's motorcycle's identification numbers were altered. Regarding the seizure of Yonally's and Peterson's motorcycles from

4

Byers' shop, even assuming Trotter and Burroughs unreasonably relied on Byers' consent, they are entitled to qualified immunity as it was not clearly established that Byers, a merchant, lacked apparent authority to consent to the seizure of customers' property. *See Stoner v. California*, 376 U.S. 483, 489-90 (1964); *Chapman v. United States*, 365 U.S. 610, 616-17 (1961).

The district court also did not err in granting summary judgment on Appellants' First Amendment claims. First, Strong, Yonally, and Peterson cannot maintain First Amendment claims based on an alleged violation of Byers' First Amendment rights. *See Elk Grove Unified School District v. Newdow*, 542 U.S. 1, 17 (2004). To the extent Byers argues that his First Amendment rights were violated when the officers conducted a search in part based upon the mistaken perception that Byers was associated with a motorcycle gang, the officers are entitled to qualified immunity because their conduct did not violate clearly established law. *Heffernan v. City of Paterson, N.J.*, 136 S. Ct. 1412, 1417 (2016).

Finally, the district court did not err in denying Appellants' motion for partial summary judgment regarding the alleged judicial deception in obtaining the search warrant. There was probable cause to issue the warrant even when the alleged misrepresentations are excluded and the alleged omissions are included. *Crowe v. Cty. of San Diego*, 608 F.3d 406, 435 (9th Cir. 2010).

**AFFIRMED.**