**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CECIL F. SMITH, | No. 17-35485 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-00086-SI |
| v. | |
| EVRAZ, INC., A Delaware Corporation, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Argued and Submitted May 11, 2018
Portland, Oregon

Before: RAWLINSON and CHRISTEN, Circuit Judges, and BLOCK,[**] District
Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Frederic Block, United States District Judge for the
Eastern District of New York, sitting by designation.

On January 7, 2013, Cecil F. Smith stepped in a deep pothole at Terminal 6 of the Port of Portland (the Port) and was seriously injured.[1]

Smith consulted an attorney who requested documents from the Port relating to the lease and maintenance agreements of Terminal 6. In December, 2013, the Port provided Smith a copy of the lease agreement between the Port and ICTSI Oregon, Inc. (ICTSI). In January, 2015, Smith filed an action against ICTSI (ICTSI suit), and ICTSI moved for summary judgment on the grounds that Smith's claim was barred by Oregon's two-year statute of limitations. *See* Or. Rev. Stat. § 12.110(1). Smith maintains that he only discovered during oral arguments in the ICTSI suit that EVRAZ INC., NA (EVRAZ) might be responsible for maintaining the slab yard.[2]

On December 20, 2016, Smith commenced the present lawsuit against EVRAZ in state court, alleging negligence. EVRAZ timely removed the action to federal court under 28 U.S.C. § 1332 and sought summary judgment, claiming Oregon's two-year statute of limitations had run. *See* Or. Rev. Stat. § 12.110(1). The district court granted the motion, and Smith filed a timely notice of appeal.

---

[1] As the parties are familiar with the facts, we do not recount them in detail here.

[2] The district court granted ICTSI's motion for summary judgment, and Smith's appeal of this ruling is pending. *See Smith v. ICTSI Oregon, Inc.*, Ninth Circuit Case No. 16-35242.

Federal courts in a diversity action must apply the substantive law of the state where the federal court is located. *See Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017). Oregon's statute of limitations for a personal injury action provides that "[a]n action for . . . any injury to the person . . . shall be commenced within two years[.]" Or. Rev. Stat. § 12.110(1).

Smith fails to raise a material issue of fact regarding application of Oregon's discovery rule. Under the discovery rule, "the notice of claim period does not commence to run . . . until a plaintiff knows or, in the exercise of reasonable care should know, that he or she has been injured and that there is a substantial possibility that the injury was caused by an identified person's tortious conduct." *Johnson v. Multnomah Cty. Dep't of Cmty. Justice*, 178 P.3d 210, 214 (Or. 2008) (en banc). "An injury is 'discovered' when a plaintiff knows, or should have known, of a substantial possibility that three elements exist: (1) harm; (2) causation; and (3) tortious conduct." *Dickson v. TriMet*, 412 P.3d 1188, 1191 (Or. App. 2018).

It is undisputed that Smith immediately knew he was seriously injured when he stepped into the slab yard pothole. Smith understood at the time of injury that the Port owned Terminal 6 and that ICTSI leased Terminal 6 from the Port. Also, notwithstanding Smith's claim that he only discovered EVRAZ's possible

tortfeasor role during the ICTSI suit's oral arguments, he believed at the time of injury that EVRAZ had some form of sublease agreement with ICTSI which allowed it to use the slab yard to move its steel slabs.

Smith "knew or should have known that [he] had been wronged by the possessor of the [slab yard] at the time of the fall, even though [he] did not know who[] the possessor was." *Gehrke v. Crafco, Inc.*, 923 P.2d 1333, 1336 (Or. App. 1996). Accordingly, Smith's belief that EVRAZ had a sublease which allowed it to use the yard to move its slabs should have given him awareness of a "substantial possibility" that EVRAZ possessed the slab yard, and therefore that each of the three elements (harm, causation, tortious conduct) existed as to EVRAZ. *Dickson*, 412 P.3d at 1191.

Furthermore, the "discovery rule does not protect those who sleep on their rights." *Gaston v. Parsons*, 864 P.2d 1319, 1324 (Or. 1994); *see also Cole v. Sunnyside Marketplace, LLC*, 160 P.3d 1, 7 (Or. App. 2007) ("[W]hether facts are 'inherently discoverable' pertains to 'whether the plaintiff in a negligence action has exercised due diligence to discover the requisite facts.'") (citing *Gehrke*, 923 P.2d at 1336). Because Smith's complaint was not filed until almost four years from the date of injury, this court is not persuaded that he "exercised due diligence

4

to discover the requisite facts."[3] *Cole*, 160 P.3d at 7 (citing *Gehrke*, 923 P.2d at 1336).

Accordingly, the court concludes as a matter of law that any rational juror would find that Smith knew or should have known of a substantial possibility that EVRAZ was a responsible party more than two years before he filed suit. *See Johnson v. Multnomah Cty. Dep't of Cmty. Justice*, 152 P.3d 927, 931 (Or. App. 2007), *aff'd* 178 P.3d 210 (Or. 2008) (en banc).

**AFFIRMED.**

---

[3] While not dispositive, the court notes that Smith waived initial disclosures from EVRAZ, and, at the time of oral arguments, still did not possess a copy of any sublease agreement between EVRAZ and ICTSI or the Port. *See* Oral Argument at 3:12–4:23.