NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRADLY M. CUNNINGHAM, | No. 18-35442 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-01686-SI |
| v. | |
| COLUMBIA PICTURES INDUSTRIES, INC.; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted April 17, 2019**

Before:    McKEOWN, BYBEE, and OWENS, Circuit Judges.

Bradly M. Cunningham appeals pro se from the district court's judgment

dismissing his action alleging federal and state law claims.  We have jurisdiction

under 28 U.S.C. § 1291.  We review de novo the district court's grant of an anti-

SLAPP motion to strike.  *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1102

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2003). We may affirm on any basis supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and we affirm.

The district court properly granted defendants' special motion to strike as to Cunningham's defamation claims because the claims arose out of expressive activity protected by Oregon's anti-SLAPP statute and Cunningham failed to establish a probability of prevailing on the merits. *See Schwern v. Plunkett*, 845 F.3d 1241, 1245 (9th Cir. 2017) (setting forth applicable two-step analysis); *see also* Or. Rev. Stat. § 12.120(2) (one-year limitations period for defamation); *Magenis v. Fisher Broad., Inc.*, 798 P.2d 1106, 1109 (Or. Ct. App. 1990) (when a false light claim alleges facts that also constitute a defamation claim, the false light claim must be filed within the period for bringing a defamation claim); *Workman v. Rajneesh Found. Int'l*, 733 P.2d 908, 910-11 (Or. Ct. App. 1987) (discovery rule does not apply to defamation actions arising out of public utterances).

Dismissal of Cunningham's federal claims was proper because Cunningham failed to allege facts sufficient to state a plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *George v. Pac.–CSC Work Furlough*, 91 F.3d 1227, 1229 (9th Cir. 1996) (plaintiff alleging infringement of constitutional rights by private parties must show that the infringement constitutes state action).

18-35442

The district court did not abuse its discretion by denying Cunningham's motion to compel discovery because Cunningham failed to demonstrate actual and substantial prejudice resulting from the denial of discovery. *See Childress v. Darby Lumber, Inc.*, 357 F.3d 1000, 1009 (9th Cir. 2004) (standard of review); *Sablan v. Dep't of Fin.*, 856 F.2d 1317, 1321 (9th Cir. 1988) (district court's "decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by denying leave to amend because amendment would have been futile. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) (setting forth standard of review and explaining that "[a] district court acts within its discretion to deny leave to amend when amendment would be futile").

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

**AFFIRMED.**